**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DONELL HORNE, : : Plaintiff, : : v. : : J. R. CRISOSTOMO, police officer for the : city of Passaic, in his official and individual : capacities; : : R. ARROYO, police officer for the city of : Passaic, in his official and individual : capacities; : : BRIAN HENDERSON, police officer for the : city of Passaic, in his official and individual : capacities; : : ENRIQUE TORRES, police officer for the : city of Passaic, in his official and individual : capacities; : : LT. ANGEL, badge #280, police officer for : the city of Passaic, in his official and : individual capacities; : : CITY OF PASSAIC, MUNICIPAL : CORPORATION, : : Defendants. : | Civil Action No. 06-3430 (JAG)<br><br>**OPINION** |

1

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendants'[1] motion to dismiss Plaintiff Donell Horne's Complaint, pursuant to FED. R. CIV. P. 12(b)(6).  For the reasons set forth below, Defendants' motion to dismiss will be granted.

## I. INTRODUCTION

On July 25, 2006, Plaintiff filed this action against Defendants, asserting a cause of action for violations of his Fourth, Fifth, and Sixth Amendment rights, pursuant to 42 U.S.C. § 1983.  On December 19, 2006,  Defendants filed a motion to dismiss Plaintiff's Complaint, pursuant to FED. R. CIV. P. 12(b)(6).  Defendants' motion is made on the ground that Plaintiff's Complaint is barred by New Jersey's two-year statute of limitations.  Additionally, in their Attorney Certification, Defendants argue that Plaintiff is not entitled to either statutory or equitable tolling of the statute of limitations because Plaintiff has not asserted any facts nor submitted anything to satisfy the tests or requirements that must be met to apply such tolling. (Att'y Certification ¶¶ 12-17.)  Plaintiff, however, does not argue that he is entitled to the benefits of tolling.  As a result, this court need not consider Defendants' arguments regarding tolling.

## II. FACTUAL BACKGROUND

On July 21, 2004, Officer Joseph R. Crisostomo, along with the other Police Officer Defendants, allegedly used excessive force in effectuating Plaintiff's arrest, thereby depriving

---

[1] Defendants in this action are Joseph R. Crisostomo, R. Arroyo, Brian Henderson, Enrique Torres, Lt. Angel, and the City of Passaic, Municipal Corporation (collectively, "Defendants").

2

him of his constitutional rights. (Compl. 1.)[2]

Plaintiff alleges that late on the evening of July 21, 2004, he noticed that the occupants of a black four-door sedan looked at him and then changed direction in order to follow him. (Compl. 8.) Plaintiff contends that shortly thereafter, he heard the sedan door open and slam shut, compelling him to flee into a nearby driveway. (Id.) Plaintiff alleges that the driver of the vehicle, Officer Crisostomo, sped forward to catch up with Plaintiff, and struck him with his patrol car in the driveway, causing injuries to Plaintiff. (Compl. 8, 9.) Officer Crisostomo then allegedly proceeded to wrestle Plaintiff back to the ground after he attempted to flee again. (Compl. 9.) Officers Torres and Arroyo, the occupants of the vehicle who had gotten out earlier, arrived, and beat Plaintiff while Officer Crisostomo held him down. (Id.) Officer Henderson allegedly stood by and watched. (Id.)

Plaintiff contends that the officer defendants then checked the area to see if Plaintiff had thrown anything down while running from them. (Id.) At the time, Plaintiff purportedly told the officers that there was a warrant outstanding against him. (Id.) Subsequently, Plaintiff was patted down, taken to city jail, and transported by ambulance to St. Mary's Hospital for treatment of a laceration on his head, which he received during his altercation with the officers. (Id.)

Plaintiff further alleges that through the actions of Defendant Police Officers, Defendant City of Passaic "encouraged, permitted an condonedthe [sic] criminal assaults and malicious

---

[2] The date of the incident alleged by Plaintiff in his Complaint, July 22, 2005, is at odds with both the date in the corresponding Police Report and the date that Plaintiff subsequently set forth in Plaintiff's Letter Petition in Opposition to Defendants' 12(b)(6) Motion, both of which state that the incident occurred on July 21, 2004. In the Complaint, Plaintiff's reference to 2005, as opposed to 2004, is clearly in error. For reasons more fully discussed infra, this Court will determine the statute of limitations issue in reference to the correct 2004 date. See discussion infra, Part III. A.

prosecution of plaintiff in the instant action." (Compl. 9.)   Plaintiff also alleges that Lt. Angel "encouraged officer Torres to proceed with Providing [sic] false reports and evidence." (Compl. 7.)

### III.  DISCUSSION

**A.   Applicable Legal Standards**

**1.   *Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)***

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1959.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1960 (abrogating Conley, 355 U.S. 41).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6),

the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46, abrogated on other grounds. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

This Court's review of a motion to dismiss for failure to state a claim is generally limited to the contents of the complaint, including any attached exhibits. See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992); Caine v. Hardy, 943 F.2d 1406, 1411 n. 5 (5th Cir. 1991). The court, however, also may consider documents specifically referenced in the complaint, and matters of public record. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment. FED. R. CIV. P. 12(b) directs as follows:

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [FED. R. CIV. P.] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The court has complete discretion to accept such materials beyond the pleadings. Morse v. Lower Merion School Dist., 132 F.3d 902, 905 n.3 (3d Cir. 1997); Wright & Miller, supra, § 1366. Should it so choose, however, the court is required to convert the motion to one for summary judgment and provide the parties notice and a reasonable opportunity to present all relevant material. See, e.g., In re Rockefeller Center Properties, Inc., 184 F.3d 280, 287-289 (3d Cir. 1999); Rose v. Bartle, 871 F.2d 331, 339-343 (3d Cir. 1989).

### 2.  *Applicable Statute of Limitations Period for § 1983 Claims*

Defendants correctly note that for claims brought pursuant to 42 U.S.C. § 1983, courts should select the statute of limitations period applicable to personal injury torts in the state where the alleged constitutional injury occurred. Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)). New Jersey's two-year statute of limitations period on personal injury actions, N.J. STAT. ANN. § 2A:14-2 (2004), applies to the instant action.

### 3.  *Plaintiff's Error in the Complaint and its Effect Upon Defendants' 12(b)(6) Motion to Dismiss*

Plaintiff's Complaint states that the incident forming the basis of this action occurred on July 22, 2005. (Compl. 8.) Clearly, if this Court accepted the 2005 date to be correct, Plaintiff's Complaint would not be barred by the two-year statute of limitations, and Defendant's 12(b)(6)

motion would fail.  This Court, looking to documents outside of Plaintiff's Complaint to validate the date of the incident, concludes that the date in the Complaint is an error.  This Court also concludes that it is not necessary to convert Defendants' 12(b)(6) motion into one for summary judgment.

Generally, when a court is considering a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept all allegations that the plaintiff makes in the complaint as true.  If the court feels it must consider any documents beyond the pleadings in order to make its decision, the motion must be converted into one for summary judgment.  See, e.g., In re Rockefeller Center Properties, Inc., 184 F.3d at 287-289.  As stated supra, an exception to this rule is that a court may also consider documents specifically referenced in the complaint and matters of public record when addressing a motion to dismiss, without converting a 12(b)(6) motion into one for summary judgment.  Wright & Miller, supra, § 1357.

An examination of the Passaic Police Department Investigation Report, a public record integral to Plaintiff's action, reveals that the 2005 date stated in Plaintiff's Complaint was erroneous.  See Gallas v. Supreme Court of Pennsylvania, No. 96-6450, 1997 WL 256972, at *14 (E.D. Pa. May 15, 1997) ("Unlike medical or financial records, a police report is a public record.. . ."); see also Scheetz v. The Morning Call, Inc., 946 F.2d 202, 207 (3d Cir. 1991). Indeed, both the Police Investigation Report and the Police Arrest Report, attached as exhibits to Defendants' Motion, indicate that the incident took place on July 21, 2004, rather than on July 22, 2005, the incorrect date reported in Plaintiff's Complaint.

The content of Plaintiff's own pleadings further reinforces the assertion that the date in

Plaintiff's Complaint is an error. In his Letter Petition in Opposition to Defendants' 12(b)(6) motion, Plaintiff acknowledges the error he made in his Complaint, asserting that "[o]n *July 21, 2004*, 11:20 pm plaintiff Donell Horne Constitutional Amendment Rights [sic] were violated by the named Defendants." (Pl.'s Letter Petition, 1.) (emphasis added). Thus, because there is no need to convert Defendants' motion to one for summary judgment, and because the 2005 date in Plaintiff's Complaint is clearly an error, this Court will use the accurate 2004 date on which the alleged conduct indisputably occurred when considering Defendants'12(b)(6) motion.

### B.      Whether FED. R. CIV. P. 6(e) Tolls the Time for Filing the Complaint

Plaintiff does not dispute that on their face, his §1983 claims are barred by the applicable two-year statute of limitations. In Plaintiff's Letter Petition in Opposition to Defendants' 12(b)(6) Motion, however, Plaintiff argues that the deadline for filing his complaint was July 24, 2006, rather than July 21, 2006, pursuant to FED. R. CIV. P. 6(e). (Pl.'s Letter Petition, 2.) Rule 6(e) provides:

> Whenever a party must or may act within a prescribed period *after service* and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added after the prescribed period would otherwise expire under subdivision (a). (emphasis added).

Defendants correctly argue in their Letter Brief that Rule 6(e) provides that tolling is not applicable to the filing of an initial complaint, but only to pleadings and other documents related to the subject litigation. Rule 6(e) specifically allows additional time for filing only "*after* certain kinds of service" under Rule 5(b) has been made. (FED. R. CIV. P. 6(e)) (emphasis added). Therefore, the deadline for filing Plaintiff's Complaint was within two years of the accrual of his claim, and he was not afforded three additional days, pursuant to Rule 6(e). Plaintiff filed his

Complaint on July 25, 2006, after the two year statute of limitations period, pursuant to N.J. STAT. ANN. § 2A:14-2 (2004). His claim, therefore, is time barred, and Defendants' 12(b)(6) motion to dismiss for failure to state a claim is granted.[3]

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Complaint is granted. Plaintiff's cause of action alleging violations of his Fourth, Fifth, and Sixth Amendment rights, pursuant to 42 U.S.C. § 1983, is dismissed with prejudice.[4]


Dated: July 19, 2007                                   s/ Joseph A. Greenaway, Jr.
                                              JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[3] Even if Rule 6(e) were applicable, Plaintiff's Complaint nevertheless would be time barred. According to Plaintiff, Rule 6(e) afforded him three additional days in which to file his Complaint. Plaintiff then would have had until July 24, 2006 to file. Plaintiff, however, acknowledges that he filed his Complaint on July 25, 2006, which was four days after the expiration of the two year anniversary of the incident in question, and one day after the expiration of the three day extension he claims should have been afforded by Rule 6(e). Therefore, even if the three day extension was applicable, Plaintiff still would have failed to file his Complaint within the applicable statute of limitations period.

[4] Because Plaintiff's §1983 claim is time barred, there is no way for him to amend his complaint to state a claim for relief which can be granted. As a result, Plaintiff's §1983 claim is dismissed with prejudice.